[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-13971
Non-Argument Calendar

_____

Agency No. A039-057-714

FIEZAL MOHAMAD,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(June 25, 2020)

Before WILSON, GRANT, and TJOFLAT, Circuit Judges.

PER CURIAM:

Petitioner Fiezal Mohamad, a citizen of Guyana, seeks review of the Board of Immigration Appeals' ("BIA") final order affirming the Immigration Judge's ("IJ") decision finding Mohamad removable under § 237(a)(2)(A)(ii) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1227(a)(2)(A)(ii), denying his application for cancellation of removal under INA § 240A(a), 8 U.S.C. § 1229b(a), as a matter of discretion, and ordering his removal from the United States to Guyana. The IJ determined that Mohamad was removable under INA § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii), because his conviction for unlawful traveling to meet a minor, in violation of Fla. Stat. § 847.0135(4)(a),[1] constituted an aggravated felony as defined in INA § 101(a)(43)(A), 8 U.S.C. § 1101(a)(43)(A). The IJ also determined, in the alternative, that Mohamad's convictions for theft of government property, in violation of 18 U.S.C. § 641, and for unlawful traveling to meet a minor constituted crimes involving moral turpitude ("CIMT"), thus rendering Mohamad removable under 8 U.S.C. § 1227(a)(2)(A)(ii)

---

[1] Fla. Stat. § 847.0135(4)(a) makes it a second-degree felony to:

travel[] any distance either within this state, to this state, or from this state by any means . . . for the purpose of engaging in any illegal act described in chapter 794, chapter 800, or chapter 827, or to otherwise engage in other unlawful sexual conduct with a child or with another person believed by the person to be a child after using a computer online service, Internet service, local bulletin board service, or any other device capable of electronic data storage or transmission to . . . seduce, solicit, lure, or entice or attempt to seduce, solicit, lure, or entice a child or another person believed by the person to be a child, to engage in any illegal act described in chapter 794, chapter 800, or chapter 827, or to otherwise engage in other unlawful sexual conduct with a child.

("Any alien who at any time after admission is convicted of two or more crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct, regardless of whether confined therefor and regardless of whether the convictions were in a single trial, is deportable.").  The IJ then denied his application for cancellation of removal, finding that he was statutorily ineligible due to his conviction for an aggravated felony.  The IJ alternatively denied relief as a matter of discretion.  Mohamad appealed the IJ's decision to the BIA, which affirmed the IJ's determination that Mohamad was removable under § 1227(a)(2)(A)(ii), and otherwise declined to disturb the IJ's denial of Mohamad's application for cancellation of removal.

Mohamad now challenges the BIA's finding that he was subject to removal for having been convicted of two CIMTs, arguing that his conviction for violating Fla. Stat. § 847.0135(4)(a) is not categorically a CIMT.  He also argues that the BIA's decision lacks sufficient analysis to enable our review because the BIA failed to address the IJ's finding that Mohamad's conviction for unlawful traveling to meet a minor constituted an aggravated felony, and therefore we should remand these proceedings to the BIA.  After careful review, we dismiss his petition in part and deny it in part.

3

I.

Mohamad's primary argument on appeal is that a conviction for violating

Fla. Stat. § 847.0135(4)(a) is not categorically a CIMT, and so the IJ and the BIA

erred in determining that he was subject to removal under § 1227(a)(2)(A)(ii), for

having been convicted of two CIMTs.  In response, the Attorney General argues

that Mohamad failed to challenge before the BIA the IJ's determination that his

conviction under Fla. Stat. § 847.0135(4)(a) constituted a CIMT and that, because

he failed to exhaust his administrative remedies with respect to this argument, we

lack jurisdiction to consider it in the first instance.

We have jurisdiction to review a final order of removal "only if . . . the alien

has exhausted all administrative remedies available to the alien as a matter of

right."  8 U.S.C. § 1252(d)(1).  The exhaustion requirement is jurisdictional and

precludes review of a claim that was not presented to the BIA.  *Amaya-Artunduaga*

*v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250–51 (11th Cir. 2006).  "[T]o exhaust a

claim before the BIA, it is not enough that the petitioner has merely identified an

issue to that body."  *Jeune v. U.S. Att'y Gen.*, 810 F.3d 792, 800 (11th Cir. 2016).

A petitioner must raise the "core issue" before the BIA and set out any discrete

arguments relied on in support of that claim.  *Id*.

In his appeal to the BIA, Mohamad argued primarily that his conviction for

unlawful traveling to meet a minor was neither an aggravated felony nor a crime of

domestic violence, stalking, or child abuse, neglect, or abandonment.  With respect

to the IJ's determination that he was removable for having committed two CIMTs,

Mohamad argued only as follows:

> Clearly, this charge presumes that the theft and the unlawful travel to
> meet a minor conviction are both CIMT. Since Mohamad has denied
> the first charge of the [Notice to Appear], logic dictates that this third
> charge is also denied, since even assuming that the theft charge is found
> to be a CIMT, it will amount to only one and not two (2) convictions
> for a CIMT.

Mohamad had denied the first charge—that his conviction for unlawful traveling to

meet a minor was a crime of domestic violence, stalking, child abuse, child

neglect, or child abandonment under INA § 237(a)(2)(E)(i), 8 U.S.C.

§ 1227(a)(2)(E)(i)—on the ground that he had no physical contact with any minors

and that he was unaware that the child he believed he was communicating with

was only fourteen years old.  He did not argue, as he does here, that Fla. Stat.

§ 847.0135(4)(a) is not categorically a CIMT.  Accordingly, because Mohamad did

not raise that core issue before the BIA, he failed to exhaust his administrative

remedies with respect to that claim, and we lack jurisdiction to review it.  *See*

*Jeune*, 810 F.3d at 800; *Amaya-Artunduaga*, 463 F.3d at 1251.  We therefore

dismiss this part of Mohamad's petition.

## II.

Mohamad also faults the BIA for failing to address the IJ's determination

that he was removable for having been convicted of an aggravated felony, or any

5

other charge listed in the Notice to Appear.  We review *de novo* an assertion that the BIA failed to give reasoned consideration to an issue.  *Jeune*, 810 F.3d at 799. Generally, "courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach." *Immigration & Naturalization Serv. v. Bagamasbad*, 429 U.S. 24, 25, 97 S. Ct. 200, 201 (1976). As explained above, the IJ determined that Mohamad was removable on two alternative grounds: (1) for having been convicted of an aggravated felony, 8 U.S.C. § 1227(a)(2)(A)(iii), and (2) for having been convicted of two CIMTs, *id.* § 1227(a)(2)(A)(ii).  The BIA affirmed that Mohamad was removable under § 1227(a)(2)(A)(ii) for having been convicted of two CIMTs.  In light of that holding, the BIA "decline[d] to reach the issue of whether [Mohamad] has been convicted of an aggravated felony or is otherwise subject to removal from the United States."  Because the BIA determined that Mohamad was removable under § 1227(a)(2)(A)(ii), it had no need to address, and did not err in declining to address, whether Mohamad would be subject to removal under another provision of the INA, as a finding on that issue was unnecessary to the result it reached.  *See Bagamasbad*, 429 U.S. at 25, 97 S. Ct. at 201.

Additionally, Mohamad argues that the IJ's order was deficient because it listed INA § 237(a)(2)(B)(i), 8 U.S.C. § 1227(a)(2)(B)(i), as the statute authorizing removal even though that statute was not listed in the Notice to Appear.  But again,

Mohamad did not raise this citation issue before the BIA, and so we lack jurisdiction to review it.[2] *See Jeune*, 810 F.3d at 800; *Amaya-Artunduaga*, 463 F.3d at 1251. We therefore dismiss Mohamad's petition with respect to the citation error and deny Mohamad's petition with respect to the sufficiency of the IJ and BIA's analysis.

**PETITION DENIED IN PART, DISMISSED IN PART.**

---

[2] In any event, there is no reason to believe the error is anything more than a scrivener's error, since the IJ clearly analyzed Mohamad's removability under the correct statute: § 1227(a)(2)(A)(ii).

7